UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 89-478** |
| **JOSE GARCIA** | **SECTION: "H"(1)** |

### ORDER AND REASONS

Before the Court is a Petition for Writ of Error *Coram Nobis*. (R. Doc. 1.) For the following reasons, the Petition is DENIED and DISMISSED WITH PREJUDICE.

### BACKGROUND

Petitioner was convicted of conspiracy to distribute cocaine (the first conviction) on May 17, 1990. As a result of that conviction, he was sentenced to twelve months imprisonment and five years of supervised release. His conviction and sentence were affirmed by the Fifth Circuit on April

1

2, 1991.  On January 9, 1992, Petitioner pleaded guilty to possession of cocaine in Louisiana State Court (the second conviction).  Then, on October 25, 1995, Petitioner was convicted by a jury on numerous counts of drug trafficking, including conspiracy to distribute cocaine (the third conviction). (Docket No. 95-066.)  Because of his two prior felony drug convictions, Petitioner was sentenced to a mandatory term of life in prison.  That conviction and sentence were subsequently upheld by the Fifth Circuit.  Petitioner then filed a petition for writ of habeas corpus challenging his life sentence, which was denied by Judge Englehardt in 2002.  The Fifth Circuit again affirmed the decision, and the United States Supreme Court denied *certiorari*.  Petitioner now challenges the sentence imposed in his first conviction.  He alleges that the sentence imposed on his first conviction necessarily influenced his life sentence in his third conviction.

**LEGAL STANDARD**

28 U.S.C. §1651**,** known as the All Writs Act**,** revived the common law writ of error *coram nobis*.  "The writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir.1996).  The writ is limited to errors of the most fundamental character, such as those that render the judicial proceeding irregular and invalid.  *United States v. Dyer*, 136 F.3d 417, 424 (5th

2

Cir. 1998).

## LAW AND ANALYSIS

Petitioner's current life sentence was enhanced pursuant to 21 USC § 851. He now seeks to challenge the validity of one of the prior offenses used to enhance his conviction. However, § 851(e) specifically provides that: "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." Petitioner was convicted in this case on May 17, 1990 and the information alleging his prior conviction was filed on May 23, 1995, more than five years after the conviction Petitioner currently seeks to challenge. Therefore, pursuant to the plain text of § 851(e) Petitioner's challenge is time–barred.

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Error *Coram Nobis* is DENIED and DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 10th day of September, 2013.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

3